Wayne M. Barsky, SBN 116731
wbarsky@gibsondunn.com
Michael E. Byerts, SBN 218946
MByerts@gibsondunn.com
Jason C. Lo, SBN 219030
jlo@gibsondunn.com
James L. Zelenay, SBN 237339
jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:   (213) 229-7000
Facsimile:    (213) 229-7520

Attorneys for Plaintiff and Counterdefendant,
CalAmp Corp.

James E. Doroshow, Esq. (SBN:  112920)
    jdoroshow@linerlaw.com
Michael M. Carlson, Esq. (SBN:  88048)
    mcarlson@linerlaw.com
Louisa Weix, Esq. (SBN:  182790)
    lweix@linerlaw.com
LINER YANKELEVITZ
    SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendant and Counterclaimant
TRACKN, INC., a California Corporation, doing
business as (and also sued herein as) ENFOTRACE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CALAMP CORP., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ENFOTRACE, a California Fictitious Business Entity, and TRACKN, INC., a California Corporation, <br><br> Defendants. <br> *[Caption continued on next page]* | Case No. CV 08-0699 GPS (AJWx) <br><br> **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** <br><br> Discovery Cutoff:    2/27/09 <br> Pretrial Conf. Date: 6/22/09 <br> Trial Date:           7/07/09 |

TRACKN, INC., a California
Corporation,

                    Counterclaimant,

        v.

CALAMP CORP., a Delaware
Corporation,

                    Counterdefendant.

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and upon stipulation of the parties, the Court hereby enters the following Protective Order:

1.      This Protective Order governs the designation, disclosure and use of confidential and highly confidential information in the above-identified action and any appeals or retrials through final judgment.  This Protective Order shall govern until modified or superseded by a further order of this Court.

2.      In this Protective Order the terms "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall mean information so designated in compliance with this Protective Order. Information so designated may be (without limitation) all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3.      Any person, including non-parties, producing documents, information, or other materials in this action ("Producing Party") may designate as

Gibson, Dunn &
Crutcher LLP

2

"CONFIDENTIAL INFORMATION" any information, thing, testimony, answers, documents, or other discovery materials of a confidential, sensitive nature (a) which the producing party and its counsel reasonably and in good faith believe is in fact confidential, internal information, (b) which has not been disclosed to, or is otherwise not reasonably available to the public or industry, and (c) includes but is not limited to information that concerns or relates to business processes, operations, style of work, or to sales, shipments, and purchases or transfers of any product. external non-public communications, and external training materials.

4.     Any Producing Party may designate as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" any information, testimony, answers, documents, or other discovery materials of a confidential, proprietary and/or trade secret nature which such party and its counsel believe in good faith is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or competitively sensitive data; customer lists; customer information; business, product or marketing plans; cost data; pricing information; internal training materials; market studies or forecasts; nonpublic financial data; nonpublic patent applications and related communications; information concerning development activities for products; non-public technical information for products; and research or development or other activities or other non-public information concerning or relating to current or future products.

Gibson, Dunn &
Crutcher LLP

5.     A Producing Party may designate material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY at the time it produces the material.  In the case of deposition testimony, the testimony or any portion thereof may be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY at the deposition or within thirty (30) days after completion of the deposition.

6.     CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be designated during discovery by the following procedure:

(a)     When a document to be produced for inspection contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY the Producing Party shall so notify the inspecting party.  A document produced for inspection for which such notice has been given shall be inspected only by persons authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, as the case may be.

(b)     The Producing Party shall designate documents as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY by marking, according to the provisions of paragraph 7, each page of the copy that is or contains such information.   If any page of a multi-

page document is designated, the Producing Party shall also indicate on the first page of the document that it contains CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

(c)     In the case of information produced in electronic media, such as CDs, designation shall be made by placing the Legend on the exterior of the CD or other media.  When information is printed out from such media, the Receiving Party shall ensure that each page of all copies of the printed-out materials contains the appropriate designation.

(d) When deposition testimony is or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY any attorney of record present may designate that testimony as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY by notifying others present on the record of the deposition.  The deposition reporter shall then so mark each page of the transcript that reports designated testimony.  Alternatively, any party may, until and including thirty (30) days after receipt of a copy of said deposition transcript, designate by page and line or exhibit description those portions of the transcript or exhibits which contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.  All transcripts and exhibits from depositions taken in this action shall be deemed to contain HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY until and including thirty (30) days

Gibson, Dunn &
Crutcher LLP

after receipt of a copy of said deposition transcript by all counsel of record for the parties.  The parties may also designate the entire deposition testimony of a witness as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.  If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

(d)     When responses to interrogatories or requests to admit contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, the responding party shall mark the cover page and each succeeding page of its response that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY pursuant to paragraph 7.

7.     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be marked pursuant to paragraph 6 of this Protective Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

Gibson, Dunn & Crutcher LLP

6

**CONFIDENTIAL INFORMATION**

or

**HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY**

8.      (a)      Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or any document incorporating such information, that is filed or lodged with the Court shall not be placed in the publicly available records for this case.  Instead, it shall be filed under seal according to the provisions of Local Rule 79-5.1.

(b)      A copy of all material filed or lodged with the Court under seal, redacted to remove all confidential information, shall be placed in the public court file. Any interested member of the public may challenge the filing under seal and, in the event of such a challenge, the party asserting confidentiality shall have the burden of persuasion.

9.      CONFIDENTIAL INFORMATION may be disclosed only to persons in the following categories who have the actual need to review CONFIDENTIAL INFORMATION:

(a)      Outside attorneys working on this matter for a law firm with an appearance for a party in this action;

(b)      No more than six (6) employees, representatives or consultants of a party to this action, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such individual, counsel desiring to disclose CONFIDENTIAL

Gibson, Dunn &
Crutcher LLP

INFORMATION to such individual shall first obtain a signed undertaking in the form of Appendix A hereto.  Counsel shall maintain the original signed forms, and deliver a copy to counsel for the Producing Party upon request.

(c)     any non-attorney support staff who is employed by a law firm and is working directly for an attorney authorized to review CONFIDENTIAL INFORMATION pursuant to sub-paragraph 9(a) above;

(d)     independent (outside) expert(s) or consultant(s) who has been qualified to have access to CONFIDENTIAL INFORMATION as provided in paragraph 12 of this Protective Order;

(e)     support staff working directly for independent (outside) expert(s) or consultant(s) qualified to have access to CONFIDENTIAL INFORMATION as provided in paragraph 12 of this Protective Order;

(f)     any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this action;

(g)     any representative of the party that produced the CONFIDENTIAL INFORMATION to the extent the representative has authority to access such information;

(h)     Personnel of photocopy firms or graphics firms engaged by a party; and/or

(i)     a former employee or former consultant of the party that produced the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY who authored, received or was shown the information during his or her employment by the Producing Party.  This paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to a deponent who was an employee of the Producing Party when the document containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was received by or shown to that deponent during his or her employment by the party.  If the former employee recognizes the document, he or she may be subject to further examination regarding that document.

(j) any third party who authored or received documents marked by a Producing Party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in the course of his or her activities relating to the transactions at issue in this litigation.  This paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to a deponent who authored or received the document in the course of his or her activities relating to the transactions at issue in this litigation when the document containing the CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was received by or shown to that deponent in the course of that deponent's activities relating to the transactions at issue in this litigation.  If the third party recognizes the document, he or she may be subject to further examination regarding that document.

10.   HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY may be shown to the persons identified above in paragraph 9, except for those individuals identified in paragraph 9(b).

11.   Any person permitted to receive information designated HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, who obtains, receives, has access to, or otherwise learns, in whole or in part HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application (including pending applications, PCT, foreign applications, reissue applications, or reexaminations) pertaining to the subject matter of the patents-in-suit or the disclosed HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY during the pendency of this case and for one year after the conclusion of this litigation, including any appeals or retrials.  This prosecution bar shall (1) prevent any one who has accessed HIGHLY CONFIDENTIAL

Gibson, Dunn &
Crutcher LLP

INFORMATION from participating in the preparation or prosecution of any patent application (including pending applications, reissue applications, or reexaminations) pertaining to the subject matter of the patents-in-suit or the disclosed HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY; and (2) prevent any one who has accessed HIGHLY CONFIDENTIAL INFORMATION from discussing any HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY with, or in the presence of, any person involved in the preparation or prosecution of any patent application (including pending applications, reissue applications, PCT, foreign applications, or reexaminations) pertaining to the subject matter of the patents-in-suit or the disclosed HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

12.   Any party may qualify independent experts or independent consultants, for access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY subject to paragraphs 9 and 10 above.  An expert or consultant shall be qualified for access to such information as follows:

(a)     The party seeking to have an expert or consultant qualified for access shall provide counsel of record for each party with, a curriculum vitae for that expert or consultant, and a copy of an acknowledgment form, shown as Appendix A to this Protective Order, that has been completed and signed by that expert or consultant. The curriculum vitae shall identify any and all relationships that the expert or

consultant has had within the past six (6) years with any company, person or other entity that designs, utilizes, manufactures, distributes or sells vehicle or vessel tracking, management or locator systems, software, or products or anything related to the subject matter of the patents-in-suit and any relationship (personal, professional, or business) that the consultant or expert has with any party, any officer or director of any party, or any party employee.

(b)     The other parties shall have seven (7) business days after receipt of the curriculum vitae and acknowledgment form pursuant to subparagraph (a) above in which to deliver to the party seeking to qualify the expert or consultant written objections to the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to said expert or consultant which state the basis for the objection to the disclosure.  The parties shall meet and confer on the objections within five days of receipt of the written objections. If the parties are unable to resolve the objection during the meet and confer, the objecting party must move the court for an appropriate order within seven days of the meet and confer.  No CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be disclosed to an expert or consultant, in the absence of written authorization by the party producing such information, until the expiration of the seven business-day period for the opposing party to make an objection, or if such objection is made, until the resolution of the objection.

Gibson, Dunn &
Crutcher LLP

12

(c)     When a corporation or other organization is engaged as an expert or consultant by a party or its counsel of record, the corporation or organization may become qualified to review CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under this Protective Order only upon the qualification of each person within such organization or corporation who has access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

13.   A party may disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in a Court proceeding upon consent of the designating party or permission of the Court.

14.   (a)     The substance or content of any CONFIDENTIAL INFORMATION, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain CONFIDENTIAL INFORMATION pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as CONFIDENTIAL INFORMATION in all respects.

(b)     The substance or content of any HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY pursuant to this

Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in all respects.

(c)   Notwithstanding the restrictions of this paragraph, an attorney qualified to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under this Protective Order shall not be precluded (except as set forth in paragraphs 9 and 10 above) from rendering legal advice to or discussing with his or her client in this litigation the merits of any issue in this litigation, as long as the specific substance or content of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY is not revealed to a person not qualified to receive such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under the terms of this Protective Order.

15.   All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be used solely in preparation for trial and/or appeal of the above-identified action, and for no other action, dispute or claim.  These materials shall not be used or disclosed at any other time or for any other purpose whatsoever

16.   Information acquired from the opposing side that is designated as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY may be used by the recipient only for this Action and not for any business purpose, or for publicity, or for any purpose other than pursuit of its claims in this Court.  Such material may not be used or published in press releases, interviews, advertising, or communications with customers of the producing or receiving parties.

17.   It shall be the duty and responsibility of counsel of record to ensure that documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under this Protective Order.  Physical copies of CONFIDENTIAL INFORMATION, and all copies of HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY of the Producing Party shall not be kept on any of the premises of the Receiving Party.  Electronic copies of CONFIDENTIAL INFORMATION of the Producing Party may kept on the premises of the Receiving Party.  Counsel of record shall be directly responsible to the court for fulfilling these responsibilities.

18.   The inadvertent or unintended disclosure by a party of privileged, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, including but not limited to an inadvertent failure to

designate as privileged, CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY within the time

periods prescribed by this Protective Order, shall not be deemed a waiver in whole or

in part of a subsequent claim of privilege or protection under this Protective Order,

either as to the specific information disclosed or as to any other information, provided

that the inadvertent or unintended disclosure is promptly identified after discovery by

the Producing Party and notice of the claim of privilege or protection is given to the

other parties.  A party receiving notice of a changed designation or claim of privilege

shall take reasonable steps to comply with such designation, including the retrieval of

documents that have been distributed in a manner inconsistent with the new

designation.

19.   A party shall not be obligated to challenge the propriety of any

designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY at the time of designation, and a

failure to do so shall not preclude a subsequent challenge to the designation.  If a

party objects to any designation of such information the parties shall first try to

resolve such dispute in good faith on an informal basis.  If the dispute cannot be

resolved informally, the objecting party may seek appropriate relief from the Court, .

The burden of showing entitlement to a designation of CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS'

EYES ONLY shall be on the Producing Party.  Pending resolution of an objection, the

designated material shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in accordance with the designation.

20.   Within forty-five (45) days after the termination of this action including all appeals thereof, the originals and all copies of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY received by any party or its attorney or third-party as a result of this action shall be destroyed or given to the party that produced such information or to its attorney.  A copy of all court filings, discovery responses, and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the parties.  Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY may be retained by outside counsel.  Any information retained shall be maintained pursuant to this Protective Order, and by retaining the information, outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

21.   Parties shall provide a certification in writing to all other parties in this action that they have complied with the requirements of Paragraph 20 within sixty (60) days of the termination of this action.

Gibson, Dunn &
Crutcher LLP

22.   Counsel of record for each party shall maintain the original signed acknowledgments provided in Paragraph 9(b).  Counsel of record responsible for retention of outside consultants or experts shall maintain the original signed acknowledgements provided in Paragraph 12.  Counsel of record for each party shall also make every reasonable effort to ensure that all persons or entities that have been provided CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY provided under the provisions of this Order comply with the obligations of paragraph 20.  This includes, among other things, an obligation by counsel of record for each party to make every reasonable effort to ensure that consultants or experts retained by that party comply with paragraph 20.

23.   Should any party, or person qualified to obtain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY hereunder, or their agents or representatives, receive any request for CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY produced in this action, whether through formal compulsory process or lawful authority of the court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for all parties hereto in order to allow said party or parties to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith. Absent an order from the appropriate court or tribunal on said motion, or

agreement from the producing entity, the person or party receiving the aforesaid request for information or compulsory process shall not produce in response thereto and shall thereafter do so only insofar as the court or tribunal so orders.

24.   If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the designating party.  The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

25.   If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order.  When such written notice is given to the third party, the party requested to produce the information will advise the potential Receiving Party that such notice has been given.  The third party shall have twenty-one (21) days from receipt of the written notice in which to seek relief from the Court, if the third party so desires.  If the twenty-one (21) days elapse

without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

26.   Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the court shall retain jurisdiction for enforcement of this Protective Order.

27.   Nothing in this Order prevents a party from disclosing its own documents and information as it sees fit.  Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order.  Such agreements may be submitted to the Court for entry as an order.

28.   Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order.

29.   Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order with respect to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, as that party may consider appropriate, including such information that

Gibson, Dunn &
Crutcher LLP

it may have relating to third parties to this action.  Similarly, any party may apply to the Court for relief from the provisions of this Protective Order at any time.

30.   Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY at trial.

31.   The restrictions and obligations set forth herein relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party or (iii) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party.  The party seeking to use information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall have the burden of proving that it is entitled to the use of such information.

32.   This Protective Order does not govern the use of any material at trial or in other public proceedings before the Court.  Prior to any trial, the parties shall meet and confer in good faith to determine a method for introducing at trial material which has been designated as CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY  The parties shall submit their proposed method to the Court for approval.

**IT IS SO ORDERED.**

Dated:  July 28, 2008

By:  _____
United States District Court
Hon. Andrew J. Wistrich

Gibson, Dunn &
Crutcher LLP

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CALAMP CORP., a Delaware Corporation,<br><br>        Plaintiff,<br><br>     v.<br><br>ENFOTRACE, a California Fictitious Business Entity, and TRACKN, INC., a California Corporation,<br><br>        Defendants. | Case No. CV 08-0699 GPS (AJWx)<br><br><br>Discovery Cutoff:  2/27/09<br>Pretrial Conf. Date: 6/22/09<br>Trial Date:        7/07/09 |
| TRACKN, INC., a California Corporation,<br><br>        Counterclaimant,<br><br>     v.<br><br>CALAMP CORP., a Delaware Corporation,<br><br>        Counterdefendant. | |

**<u>ACKNOWLEDGEMENT OF PROTECTIVE ORDER</u>**

     1.     My full name is: _____

Gibson, Dunn & Crutcher LLP

2.      My address is: _____

3.      My present employer is: _____

4.      My job description is: _____

5.      My prior regular employment or past or present regular employments with any party to the above-referenced action are: _____

_____

_____

6.      I also serve as an employee, agent, officer or director of the following entities:

_____

_____

7.      I request access to the following types of information designated under the protective order in this case (check all that apply):

_____ CONFIDENTIAL INFORMATION

_____ HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY

8.      I have received a copy of the Protective Order entered in the above-referenced action.  I have carefully read and understand the provisions of the Protective Order.  I will comply with all of the provisions of the Protective Order and agree to be bound by the Order's terms, including, the prohibitions relating to the prosecution of patents.

9.      I will not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to anyone not qualified for access to that information under the Protective Order.  I will use any such information only with respect to this action including any appeals or retrials.

10.      I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY that comes into

Gibson, Dunn & Crutcher LLP

24

my possession and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

11.     I submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

Dated: _____, _____

_____

100453291_1.DOC